**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
ALI M. SACHANI, CSBN: 234641
ali@garycarlinlaw.com
MATTHEW CHEN, CSBN: 324868
matthewchen@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiff, MICHELLE LOUIE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| MICHELLE LOUIE,<br><br>Plaintiff,<br><br>vs.<br><br>NEWTEK BUSINESS SERVICE Corp, a Maryland corporation; NEWTEK SMALL BUSINESS FINANCE, LLC, a New York Limited Liability Corp, and Does 1-10, inclusive.<br><br><br>Defendants. | **Federal Case**<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>(2) **RETALIATION IN VIOLATION OF FEHA;**<br><br>(3) **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br><br>(4) **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA;**<br><br>(5) **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br><br>(6) **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, et Seq** |

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE LOUIE ("Plaintiff"), individually, on behalf of all other persons similarly situated, and as a representative of other aggrieved employees, hereby brings this complaint against Defendants NEWTEK BUSINESS SERVICE CORP., a Maryland corporation; and, NEWTEK SMALL BUSINESS FINANCE, LLC, a New York limited liability company; (collectively referred to as "Defendants"), and respectfully alleges, avers, and complains as follows:

## **INTRODUCTION**

1.      This is an action brought by Plaintiff MICHELLE LOUIE (hereinafter "Louis" or "Plaintiff") pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant NEWTEK BUSINESS SERVICE CORP, a Maryland corporation (hereinafter "NBSC"), and NEWTEK SMALL BUSINESS FINANCE, LLC, a New York Limited Liability company. ("NTSBF")

## **JURISDICTION AND VENUE**

2.      This Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as the parties to the Action are of diverse citizenship, and the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332, $75,000, exclusive of interests and costs.

3.      Plaintiff is a resident of the state of California.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

4. Defendant NSBF is a New York LLC with a principal place of business located at 1981 Marcus Avenue, Suite 130, Lake Success, New York 11042.

5. Defendant NBSC is a Maryland Corporation with a principal place of business in Florida located at 4800 T-Rex Avenue, Suite 120, Boca Raton, Florida 33431.

6. Complete diversity of citizenship between Plaintiff and Defendants exists. Plaintiff is a California citizen, and Defendants are citizens of New York, Maryland, and Florida. No defendant is a citizen of California.

7. Plaintiff is seeking an award in excess of $75,000, exclusive of interest and costs as required by 28 U.S.C. Section 1332(a).

8. Venue is proper in this Court in that NSBF has a business address located in the City of Irvine, County of Orange, State of California. Moreover, a substantial part of the events or omissions giving rise to the claim occurred within the California Southern Division's Central District.

9. Plaintiff is informed, believes, and thereon alleges that Defendants NSBF and NBSC were Plaintiff's joint employers at all relevant times alleged herein. Plaintiff is informed, believes, and thereon alleges that each of these defendants exercised control over aspects of Plaintiff's work assignments, day-to-day supervision (including discipline) of Plaintiff, Plaintiff's hours, the right to terminate Plaintiff, the rules and policies that applied to Plaintiff's employment and had control of Plaintiff's employee records, including payroll, insurance, and taxes.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1

2     10.   Plaintiff is informed and believes and thereon alleges that each of the

3 Defendants herein were at all times the agent, employee, or representative of each

4 remaining Defendant and were at all times herein acting within the scope and

5 purpose of said agency and employment.  Plaintiff further alleges that each

6 Defendant supervised, ratified, controlled, acquiesced in, adopted, directed,

7 substantially participated in, and/or approved the acts, errors, and/or omissions of

8 each remaining Defendant.

9

10     11.   Plaintiff is informed and believes that the Defendants committed

11 other wrongful acts or omissions of which Plaintiff is presently unaware.  Plaintiff

12 shall conduct discovery to identify said wrongful acts and will seek leave of court

13 to amend this Complaint to add said acts upon discovery.

14

15     12.   The Defendants' true names and capacities named herein as DOES 1

16 through 250, inclusive, whether individual, corporate, partnership, association, or

17 otherwise, are unknown to Plaintiff, who therefore sues these Defendants by such

18 fictitious names.  Plaintiff will request leave of court to amend this Complaint to

19 allege their true names and capacities at such time as they are ascertained.

20

21

22 **FACTUAL ALLEGATIONS**

23     13.   Plaintiff began working for Defendants on or about August 8, 2018,

24 as a Vice President Credit Underwriter.

25

26     14.   Plaintiff was classified as an exempt employee with an annual salary

27 of $120,000.00 based on a standard 40-hour workweek.

28

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

15.    While working for Defendants, Plaintiff was continuously pressured to work increasing hours.    Defendants routinely shortened deadlines and increasingly demanded more work be done.

16.    In response, Plaintiff worked hours well beyond the standard 40-hour workweek for which she was no longer receiving compensation.    All the while, Defendant's demanded more work.    Plaintiff's supervisors routinely sent emails sympathizing with Plaintiff and her co-workers about the increase of work, while continuing to demand more work on shorter deadlines.

17.    Plaintiff's supervisors would often shorten deadlines for Plaintiff and her co-workers by requiring loans to be underwritten before Plaintiff could leave at the end of the workday forcing Plaintiff to remain at work beyond eight hours in a day and 40-hours a week without additional compensation.

18.    Plaintiff began suffering from headaches, anxiety, panic attacks, sleeplessness, depression, hand and wrist pain, nausea, and stomach problems.

19.    On numerous occasions, Plaintiff asked her supervisors, Defendant's agents, for additional support.    Her requests were denied.    Plaintiff then requested accommodations, including but not limited to time off, reduced hours, and/or reduced workload.    Plaintiff's requests for accommodations were denied.

20.    On or about June 1, 2019, Plaintiff was placed on medical leave.

21.    On or about June 23, 2019, Plaintiff's medical leave was extended.

///

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

**COMPLAINT**

22.    On October 15, 2019, Defendants terminated Plaintiff while she was still on medical leave.    Plaintiff believes and thereon alleges that Defendants terminated her because of and/or in retaliation for Plaintiff's disability.

23.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and had received a Right to Sue Letter from DFEH,  Plaintiff has therefore substantially complied with all requirement for the filing of this Complaint and has exhausted her administrative remedies before filing, commencing, and serving the within action.

## **FIRST CAUSE OF ACTION**
### **(Wrongful Termination in Violation of Public Policy)**
### **(Against Defendants NBSC and NSBF, and Does 1-10)**

24.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

25.    At all times herein mentioned in this complaint, California Government Code Section 12940 et seq. was in full force and effect and was binding on the Defendants and the Defendants were subject to their terms. Therefore, Defendants were required to refrain from violations of public policy, including discriminatory and/or retaliatory actions against Plaintiff on account of her disability and because she requested accommodations for her disability, as alleged in more detail above.

26.    On or about June 1, 2019, Plaintiff was placed on medical leave.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

27.    On or about June 23, 2019, Plaintiff's medical leave was extended to May/ June of 2020.

28.    On October 15, 2019, Defendants Terminated Plaintiff while she was still on medical leave.

29.    Plaintiff is informed and believes that her termination was based on her disability and request for accommodation.

30.    Plaintiff performed competently and capably during her employment with NSBF and NBSC.    Nevertheless, Plaintiff was wrongfully terminated by Defendants and each of them because of her protected activity and/or classification.

31.    Defendants' above-described conduct is in violation of various statutes and the decisional law of this state and country, including but not limited to California Government Code §12940 et seq.

32.    As a direct and legal result of Defendants' discrimination and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential, and special damages including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

///

///

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

33.   Said termination was wrongful and justified the imposition of punitive damages since the adverse employment action was against public policy.  Defendants intentionally discriminated and retaliated against Plaintiff on account of her protected activity and classification, and in doing so, Defendants acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff.   Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

### SECOND CAUSE OF ACTION
**(Retaliation in Violation of FEHA)**
**(Against Defendants NBSC and NSBF, and Does 1-10)**

34.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

35.   At all times herein mentioned in this complaint, California Government Code Section 12940 et seq. was in full force and effect and binding on the Defendants, and the Defendants were subject to its terms.  Defendants wrongfully terminated Plaintiff in a manner contrary to public policy, on a pre-textual basis, because of her disability and requests for accommodation, as hereinabove alleged.

36.   Defendants' conduct above described is in violation of various statutes and state law decisions, including California Government Code Section 12940 et seq., for retaliating against Plaintiff's due to her disability and/or her protected activity of requesting accommodations for her disability.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

37.   As a direct and legal result of Defendants' retaliatory actions against Plaintiff for her protected activity herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

38.   Said retaliation was wrongful and justifies the imposition of punitive damages since it was against public policy.   Defendants intentionally discriminated and retaliated against Plaintiff on account of her protected activity, and in doing so, Defendants acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff.   Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

## **THIRD CAUSE OF ACTION**
### **(Disability Discrimination)**
### **(Against Defendants NBSC and NSBF, and Does 1-10)**

39.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

40.   Defendants are business entities that regularly employ at least the minimum number of employees upon which certain legal duties and obligations arising under various laws and statutes, including the Fair Employment and Housing Act.   At all times herein mentioned in this complaint, Government Code

§12940, Government Code §12926.1 were in full force and effect and were binding on the Defendants, and the Defendants were subject to their terms.

41.    Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.   Plaintiff was suffering from disabilities including but not limited to; stress, anxiety, depression, sleeplessness, headaches, panic attacks, hand and wrist pain, nausea, and stomach problems.

42.    Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging *inter alia* violations of Government Code §12940, including, but not limited to §12940(a), (m), and (n), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

43.    At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties of her position

44.    During her employment, Plaintiff was required to work exceedingly long hours for an extended amount of time.

45.    Plaintiff was terminated by Defendants, and each of them, at least in part due to her disability.

///

///

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

**COMPLAINT**

46.    Defendants' actions were in direct contravention of the above-mentioned provisions of FEHA.

47.    Plaintiff is informed and believes and thereon alleges that with reasonable accommodations, she could have fully performed all duties and functions of her job in an adequate, satisfactory, and/or outstanding manner.

48.    As a direct and legal result of Defendants' discriminatory actions against Plaintiff for her complaints and/or protected activity herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

49.    Said discrimination was wrongful and justifies the imposition of punitive damages since the termination was against public policy.    Defendants intentionally discriminated against Plaintiff because of her disability and acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff.    Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights.    Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

///

///

///

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

## FOURTH CAUSE OF ACTION

### (Failure to Accommodate)

### (Against Defendants NBSC and NSBF, and Does 1-10)

40.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

41.   Plaintiff was, at all times herein mentioned was an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.  That needed reasonable accommodations.

42.   Defendants were aware of Plaintiff's disability, set forth in detail above, because Plaintiff informed Defendants, and each of them, that she needed accommodations and/or her Physician placed her on medical leave.

43.   On or about June 1, 2019, Plaintiff was placed on medical leave.

44.   On or about June 23, 2019, Plaintiff's medical leave was extended.

45.   On October 15, 2019, Defendants Terminated Plaintiff while she was still on medical leave.

46.   Defendants made no effort to find an alternate accommodation for her or engage in any interactive process with Plaintiff prior to terminating her employment.

///

///

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

47.    "FEHA" makes it an unlawful employment practice for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee unless the employer demonstrates that the accommodation produces an undue hardship to its operation. [Govt. Code §12940(m)] Cal. Code of Regs. §7293.9 requires an employer to make reasonable accommodation to the disability of an individual with a disability if the employer knows of the disability unless the employer can demonstrate that the accommodation would impose an undue hardship.    Reasonable accommodations also include job restructuring, reassignment, and/or modified work schedules.  As such, Defendants had an affirmative duty under FEHA to reasonably accommodate disabled workers.   Such duty arises regardless of whether the employee requested any accommodation.  FEHA entitles disabled employees to preferential consideration in the reassignment of existing employees.  (Jensen v. Wells Fargo Bank (2000) 85 Cal.App.4th 245).

48.    Defendants failed to reasonably accommodate Plaintiff's needs based on her disability in the following manner: Defendants terminated Plaintiff because of her disability and/or requests for accommodation.

49.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of any her position if Defendants and each of them had made such reasonable accommodation.    At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

///

50.   As a direct and legal result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

51.   Said conduct was wrongful and justifies the imposition of punitive damages.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.   Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## FIFTH CAUSE OF ACTION
### (Failure to Engage In the Interactive Process)
### (Against Defendants NBSC and NSBF, and Does 1-10)

52.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

53.   Defendants were aware of Plaintiff's disability, set forth in detail above, because Plaintiff informed Defendants, and each of them, of her disability and her need for accommodations.   However, Defendants terminated Plaintiff because of her disability and/or her requests for accommodations for her disability.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

54.    Defendant did not engage in a timely, good-faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

55.    Plaintiff did not cause the breakdown of the interactive process with Defendants. Instead, Defendants caused the breakdown in the interactive process with Plaintiff when it refused to provide Plaintiff accommodations for her disability. Defendants subjected Plaintiff to adverse employment actions because of her disability and/or because she requested accommodation for her disability.

56.    As a direct and legal result of Defendants' failure to engage in good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

57.    Said conduct was wrongful and justifies the imposition of punitive damages.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

///

///

///

**COMPLAINT**

### SIXTH CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200, et seq.)**

**( Against Defendants NBSC and NSBF, and Does 1-10)**

58.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

59.   On or about July 24, 2018, Defendant, through an employment offer letter, informed Plaintiff that her Salary would be based on a standard 40-hour workweek.

60.   Defendants knew that Plaintiff and other employees regularly exceeded the standard eight hours a day or 40- hour workweek.  In fact, upon information and belief, Defendants knowingly required Plaintiff to remain at work in excess of eight hours a day and 40-hours a week.

61.   Defendants misclassified Plaintiff as "exempt."  Plaintiff did not have the power to hire and fire or make recommendations on those topics that are given particular weight.  Plaintiff did not supervise anyone. Plaintiff was not "primarily" engaged in managerial duties.  Plaintiff did not "customarily and regularly" exercise discretion and independent judgment.

62.   California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

63.   California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

64.  As detailed above, during the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

65.  At all times relevant hereto, Defendants failed to pay Plaintiff overtime compensation for all the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff was regularly required to work overtime hours without receiving overtime pay.

66.  By virtue of Defendants' unlawful failure to pay additional premium rate compensation to Plaintiff for her overtime hours worked, Plaintiff has suffered and will continue to suffer, damages in amounts which are presently unknown but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

67.  Plaintiff requests recovery of overtime compensation according to proof, interest, attorney's fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

Further, Plaintiff is entitled to seek and recover reasonable attorney's fees and costs pursuant to California Labor Code § 1194.

68.    Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

69.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

70.    Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

71.    A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the violations as described herein of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

**Failing to Timely Pay Wages Upon Termination**

72.    Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

**Failing to Provide Accurate Itemized Wage Statements**

73.    Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Produce Records**

74.    Defendants' failure to provide Plaintiff's records according to Labor Code §§ 226 and 1198.5, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Maintain Records**

75.    Defendants' failure to maintain accurate records as to all hours worked by an employee and records of meal periods in accordance with Labor Code § 1174, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Willful Misclassification of Employees as Independent Contractors**

76.    Defendants' willful misclassification of employees as exempt employees in violation of Labor Code §226.8, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

77.    By and through their unfair, unlawful, and/or fraudulent business practices described herein, Defendants have obtained valuable property, money, and services from Plaintiff has deprived Plaintiff of valuable rights and benefits guaranteed by law, all to their detriment.

78.    Plaintiff suffered monetary injury as a direct result of Defendants' wrongful conduct.

79.    Plaintiff is entitled to and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful, and/or fraudulent business practices.  Plaintiff is not obligated to establish individual knowledge of Defendants' unfair practices to recover restitution.

80.    Plaintiff is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful, and/or fraudulent business practices in the future.

81.    Plaintiff has no plain, speedy, and/or adequate remedy at law to redress the injuries that she has suffered due to Defendants' unfair, unlawful, and/or fraudulent business practices.  As a result of the unfair, unlawful, and/or fraudulent business practices described above, Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful, and/or fraudulent business practices.

82.    Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER**

1.     For damages according to proof, including loss of earnings, deferred compensation, overtime, and other employment benefits;

2.     For other special damages according to proof, including but not limited to reasonable medical expenses;

3.     For punitive damages according to proof;

4.     For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due to Plaintiffs and for violations of Plaintiff's civil rights as set forth above; and

5.     For such other and further relief as the court deems just and proper.

Dated: March 30, 2021               LAW OFFICES OF GARY CARLIN

By: _____
Gary Carlin,
Attorneys for Plaintiff

///
///
///

**COMPLAINT**

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

Dated:   March 30, 2021                    LAW OFFICES OF GARY CARLIN

By:
Gary Carlin,
Attorneys for Plaintiff

LAW OFFICES OF GARY R. CARLIN
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802